# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 23-ICA-266   (JCN: 2021009577)**

**BRITTANY FOSTER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner PrimeCare Medical of West Virginia, Inc., ("PrimeCare") appeals the May 19, 2023, order of the West Virginia Workers' Compensation Board of Review ("BOR") finding Respondent Brittany Foster's workers' compensation claim compensable. Ms. Foster timely filed a response in support of the BOR's order. PrimeCare filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the BOR's decision but no substantial question of law. Accordingly, a memorandum decision reversing the BOR's decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

At all times relative hereto, Ms. Foster was employed by PrimeCare as the health services administrator at Southern Regional Jail. From July 27, 2020, to July 31, 2020, as part of her work with PrimeCare, Ms. Foster administered COVID-19 tests to inmates and staff in the medical unit of Southern Regional Jail. When testing, Ms. Foster wore full personal protective equipment including an N95 mask. On July 30, 2020, Ms. Foster attended a management staff meeting with the heads of each department in the jail. On August 3, 2020, PrimeCare sent everyone who attended the July 30, 2020, meeting home to quarantine until August 7, 2020, due to members of the staff testing positive for COVID-19. Following Ms. Foster's alleged COVID-19 exposure, she engaged in several non-work related activities, including an August 1, 2020, trip to a drive-through zoo with her mother, father, and two nieces and a visit to the emergency room on August 4, 2020. While at the emergency room on August 4, 2020, Ms. Foster submitted to a COVID-19 test, which was negative. On August 11, 2020, Ms. Foster took a second COVID-19 test, which was

---

[1] PrimeCare is represented by Mark R. Simonton, Esq., and Alex S. Blevins, Esq. Ms. Foster is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

positive. Ms. Foster was hospitalized from August 11, 2020, to August 24, 2020, due to pneumonia. As of August 20, 2020, Ms. Foster tested negative for COVID-19.

On August 31, 2020, Ms. Foster was treated by Sara Cales, PA-C. Ms. Foster's medical records note that she has a history of recurrent bronchitis, suffers from morbid obesity, and had an issue with sinus tachycardia over the last few years. Beginning August 31, 2020, and continuing through March 9, 2022, Ms. Foster underwent treatment from multiple doctors for COVID-19, major depressive disorder, morbid obesity, asthma, congestive heart failure, dyspepsia, and tachycardia.

On September 22, 2020, Ms. Foster completed the West Virginia Workers' Compensation Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1") form alleging direct COVID-19 exposure while at work on July 30, 2020. The physician's portion of the WC-1 form was completed by Ajay Anand, MD. Dr. Anand diagnosed Ms. Foster with COVID-19 but indicated "N/A" in response to whether the condition was a direct result of employment. On October 22, 2020, Ms. Foster completed a second WC-1 form again alleging direct COVID-19 exposure while at work. The physician's portion of the second WC-1 form was completed by Matthew Haag, DO. On the second WC-1, form Dr. Haag indicated "non-occupational condition" in response to whether the condition was a direct result of employment. On March 1, 2022, the claim administrator denied Ms. Foster's claim for COVID-19. This order was appealed.

On March 9, 2022, Bruce Guberman, MD, conducted an independent medical evaluation of Ms. Foster. Dr. Guberman determined that Ms. Foster's contraction of COVID-19 was an "occupational disease" based on the medical records and medical history reported by Ms. Foster. Dr. Guberman was subsequently deposed and acknowledged that no medical or scientific tests were available to determine the exact source of Ms. Foster's COVID-19 infection.

On April 14, 2022, Thomas Parker, MD, issued a medical review opining that Ms. Foster had COVID-19 in August of 2020, but that the condition was not an occupational disease. Further, Dr. Parker opined that Ms. Foster recovered from COVID-19 pneumonia very quickly based on the total lung capacity pulmonary function test from September 1, 2020. Dr. Parker attributed Ms. Foster's continuing pulmonary problems to asthma and tachycardia, which were well established in her medical records and pre-dated her COVID-19 diagnosis.

On August 29, 2022, the BOR reversed the claim administrator, held Ms. Foster's workers' compensation claim compensable for COVID-19, and awarded her temporary total disability benefits from August 10, 2020, through March 9, 2022. These benefits were to continue thereafter as substantiated by proper medical evidence. Thereafter, PrimeCare appealed the BOR's ruling to this Court.

By decision dated March 6, 2023, this Court vacated the BOR's August 29, 2022, order finding that the order was insufficient in its discussion of the six-factor analysis codified in West Virginia Code § 23-4-1(f) and remanded the matter to the BOR with directions. *Primecare Medical of WV, Inc. v Foster,* 247 W. Va. 590, 885 S.E.2d 171 (W. Va. App. 2023) ("*Primecare I*"). In *PrimeCare I*, we noted the BOR's order lacked significant discussion of [Ms. Foster's] testing results, symptom development, as well as other considerations specific to COVID-19. These details cannot be assumed; the claimant must offer proof. Further, this Court held that "[m]ere speculation that a medical professional is at a greater risk of exposure than those outside of such employment is insufficient to satisfy factor four." *Id.* at 176.

On May 19, 2023, the BOR, again reversed the claim administrator's decision and found Ms. Foster's workers' compensation claim compensable for COVID-19. Again, Ms. Foster was awarded temporary total disability benefits from August 10, 2020, through March 9, 2022, to continue thereafter as substantiated by proper medical evidence. It is from the BOR's May 19, 2023, order that PrimeCare now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 882 S.E.2d 916 (Ct. App. 2022).

On appeal, PrimeCare argues that the BOR failed to meaningfully address the six factors for compensability set forth in West Virginia Code § 23-4-1(f).[2] In response, Ms.

---

[2] Petitioner asserts two additional assignments of error on appeal. However, as its first assignment of error is dispositive of this matter, it is not necessary for this Court to address these additional arguments.

Foster argues the BOR committed no error in finding she contracted COVID-19 in the course of and resulting from employment.

While the BOR did include a much more detailed analysis of its decision, we find that the BOR was clearly wrong in its determination that Ms. Foster met her burden under West Virginia Code § 23-4-1(f) to establish compensability of her COVID-19 diagnosis. Under West Virginia Code § 23-4-1(f), the West Virginia Legislature restricted the compensability of "ordinary diseases of life to which the general public is exposed outside of employment" to situations were claimants can satisfy six separate factors.[3] Factor four expressly states that the claimant bears the burden of showing "that [the disease] does not come from a hazard to which workmen would have been equally exposed outside of the employment." By the language of the statute, an objective standard is contemplated which focuses on "workmen" generally as opposed to the specific exposure of the employee claiming occupational disease.

The BOR's order and record below establish that no additional evidence was taken by the BOR or submitted by either party on any issue on remand. Regarding factor four, the evidence in the record below consisted of only one medical study, titled *Risk Factors Associated with SARS-CoV-2 Seropositivity Among US Health Care Professionals*. This medical study expressly concluded that the factors presumed to be most associated with COVID-19 infection risk among health care personnel, including workplace role, environment, and caring for COVID-19 patients, were NOT associated with increased health care personnel risk of COVID-19 infection (Emphasis added). The study also discussed and acknowledged that a known exposure outside the workplace was the strongest risk associated with COVID-19 seropositivity, along with living in a zip code with higher COVID-19 incidents.

On remand, the BOR focused only on whether the employer had introduced evidence of either known exposures outside the workplace or a zip code with high COVID-19 rates. However, the BOR ignored the basic finding of the study, that COVID-19 infection risk among health care personnel was not associated with increased health care

---

[3] (1) That there is a direct causal connection between the conditions under which work is performed and the occupational disease; (2) that it can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment; (3) that it can be fairly traced to the employment as the proximate cause; (4) that it does not come from a hazard to which workmen would have been equally exposed outside of the employment; (5) that it is incidental to the character of the business and not independent of the relation of employer and employee; and (6) that it appears to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction [. . . .]

personnel risk of COVID-19 infection.  With no evidence to refute the findings of the study, we now conclude that the evidence introduced by Ms. Foster fails to satisfy factor four of West Virginia Code § 23-4-1(f).

While we agree that the BOR has discretion to give a medical study a degree of evidentiary weight, on a preponderance of the evidence standard, the record herein is devoid of any evidence which contradicts the introduced study. Despite remanding the matter, no further evidence was taken. Without any evidence in the record to rebut the medical study, which found health care personnel caring for COVID-19 patients were not associated with an increased risk of infection, Ms. Foster's evidence of treatment of COVID-19 patients was insufficient to show that her disease did not came from a risk "to which workmen would have been equally exposed outside of the employment." As stated in our previous decision in this matter, "[m]ere speculation that a medical professional is at a greater risk of exposure than those outside of such employment is insufficient to satisfy factor four.  Evidence must be presented, and the BOR must address this evidence in meaningful findings of fact and conclusions of law." *Primecare,* 247 W.Va. at __, 885 S.E.2d at 176.  Here the BOR gave greater analysis than they did in the prior Order. However, the record is still devoid of evidence to support its conclusion.

As Ms. Foster has failed to put forth any evidence to establish that her exposure to COVID-19 positive individuals presented a greater hazard of contracting COVID-19 than that to which workman outside of the employment (under West Virginia Code § 23-4-1(f)), we find that the BOR was clearly wrong in finding her diagnosis of COVID-19 compensable. Simply stated, Ms. Foster did not meet her burden in proving her claim.

Accordingly, the BOR's May 19, 2023, order is reversed and Ms. Foster's claim for compensability of her COVID-19 diagnosis is denied.

Reversed.


**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen